I t STEVEN R. PLOTKIN, Judge.
The plaintiff, Darleen W. Smith[1], appeals the worker’s compensation judge’s *374 granting of the defendant’s, Task Force Temporary Services, motion for summary judgment on the basis that the plaintiffs claim for worker’s compensation benefits has prescribed.
Plaintiff was allegedly injured on August 8, 1996, while working as a laborer at the BFI recycling plant in New Orleans, Louisiana. The plaintiff alleged that she suffered “chemical conjunctivitis” when a chemical solution splashed from a carton into her eye. The plaintiff filed a disputed claim for benefits on August 8, 1997, incorrectly naming BFI as the defendant employer. Task Force Temporary Services, Inc. was the plaintiffs employer and took on the defense of the action.
On January 26, 2000, the plaintiffs claim for compensation benefits was dismissed for lack of prosecution. The worker’s compensation judge granted plaintiff thirty days to seek reinstatement of her claim. The plaintiff did not seek reinstatement and did not file an appeal from that judgment.
The plaintiff filed a second claim for compensation benefits on June 8, 2001. The defendant, Task Force Temporary Services, Inc., filed a motion for summary judgment arguing that plaintiffs claim had prescribed under La. R.S. 23:1209(A). |? A hearing was held on the motion on February 6, 2002. The worker’s compensation judge rendered judgment on February 15, 2002, granting the defendant’s motion for summary judgment on the basis that the plaintiffs claim had prescribed.
La. R.S. 23:1209(A) provides in pertinent part:
In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1),(2),(3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
In the present ease, the plaintiff sustained her alleged injury on August 8, 1996. Her first claim, filed on August 8, 1997, was timely filed but was dismissed for lack of prosecution on January 26, 2000. The plaintiff filed her second claim for benefits on June 8, 2001. The Louisiana Civil Code states that “[a]n interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending.” La. C.C. art. 3463. “If prescription is interrupted, the time that has run is not counted. Prescription commences to run anew from the last day of interruption.” La. C.C. art. 3466.
Thus, prescription was interrupted when the plaintiff filed her first claim on August 8, 1997. However, the one year prescriptive period began to run again |3when plaintiffs first claim was dismissed on January 26, 2000. Plaintiff had one year from *375 January 26, 2000 to file her second claim. Therefore, the worker’s compensation judge did not err when she concluded that the claim filed on June 8, 2001 was prescribed and granted the defendant’s motion for summary judgment.
Accordingly, the judgment of the worker’s compensation judge is affirmed.
AFFIRMED.

. The plaintiff appeals in proper person.